IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 14–06–GF–DLC |
| Plaintiff, | |
| vs. | ORDER |
| DAVID LEWIS, | |
| Defendant. | |

On February 17, 2026, counsel for Defendant David Lewis filed a motion to reduce Mr. Lewis's 210-month federal sentence under 18 U.S.C. § 3582(c)(1)(A). (Doc. 94.) His projected release date is March 30, 2029. *See* Inmate Locator, http://www.bop.gov/inmateloc (accessed April 10, 2026). Mr. Lewis is currently located at FMC Rochester in Minnesota. (*Id.*) FMC Rochester is an administrative security federal medical center. The Government opposes the motion. (Doc. 98.)

**BACKGROUND**

Mr. Lewis was indicted on February 5, 2014, with first-degree murder (Count I) and second-degree murder (Count II) in violation of 18 U.S.C. §§ 1111(a) and 1153(a). (Doc. 11.) Mr. Lewis pled guilty to Count II on May 2, 2014, and on September 11, 2014, the Court sentenced Mr. Lewis to a term of 210 months incarceration with 5 years of supervised release to follow. (Docs. 48, 49.)

1

## ANALYSIS

The First Step Act gives district courts wide discretion to reduce an existing term of imprisonment so long as a defendant first seeks relief from the Bureau of Prisons and the reduction: (1) takes into consideration the sentencing factors set forth in 18 U.S.C. § 3553(a); (2) is warranted by "extraordinary and compelling reasons," or the defendant is at least 70 years old and has served at least 30 years in prison; and (3) is consistent with the applicable policy statements of the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam). The Sentencing Commission's relevant policy statement adds that the Court may not reduce a term of imprisonment unless "the defendant is not a danger to the safety of any other person or to the community." U.S. Sent'g Guidelines Manual § 1B1.13(a)(2) (U.S. Sent'g Comm'n 2023).[1]

Mr. Lewis argues that a reduction in his sentence is warranted due to his documented medical conditions and his medically fragile state. (Doc. 95 at 3.) Mr. Lewis further argues that he is "suffering from serious medical conditions and functional impairment that, in combination, substantially diminish his ability to

---

[1] The United States Sentencing Commission recently revised § 1B1.13 of the Sentencing Guidelines Manual, in part, moving the Commission's policy statements that were previously in commentary notes into the actual Guidelines text. *See* 2023 Amendments to the Sentencing Guidelines, Policy Statements, and Official Commentary, First Step Act—Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (effective Nov. 1, 2023) (available at https://www.ussc. gov/guidelines/amendments/adopted-amendments-effective-november-1-2023).

provide self-care in a correctional setting, and he is not expected to recover from the underlying conditions." (*Id.*) The Government concedes that Mr. Lewis has provided a valid "extraordinary and compelling" reason justifying release (Doc. 98 at 2), and the Court agrees. However, because Mr. Lewis's release is not justified under the 18 U.S.C. § 3553(a) factors, the Court must deny the Motion.

## I.    Exhaustion of Administrative Remedies

A defendant may only file a motion for compassionate release with the district court once he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Mr. Lewis submitted an Inmate Request to Staff to Warden Jered Rardin seeking a reduction of his sentence, and the Bureau of Prisons denied that request on October 10, 2024. (Doc. 95-1.) Because more than 30 days have elapsed since the Warden's receipt of Mr. Lewis's request, it would appear that Mr. Lewis has exhausted his administrative remedies.

## II.    Extraordinary and Compelling Reasons

The Sentencing Commission provides explicit examples of what constitutes an "extraordinary and compelling reason," including where the defendant is "suffering from a serious physical or medical condition . . . that substantially

diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," or where "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S. Sent'g Guidelines Manual § 1B1.13(b)(1)(B), (b)(1)(C) (U.S. Sent'g Comm'n 2023).

The defendant may also "present any other circumstance or combination of circumstances that, when considered by themselves or together with any of the" examples provided by the Sentencing Commission, "are similar in gravity to" the examples provided. *Id.* § 1B1.13(b)(5). However, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." *Id.* § 1B1.13(d).

Mr. Lewis argues that sentence reduction is warranted given his worsening medical condition. (Doc. 95 at 12.) Mr. Lewis suffers from heart disease which required major surgery in May 2022, including replacement of his aortic valve with a mechanical valve and repair of an ascending aortic aneurysm with a synthetic graft. (Doc. 95-1 at 005.) Mr. Lewis remains on lifelong blood thinning medication and has a permanent pacemaker. (*Id.* at 005–006.) Mr. Lewis also suffers from heart failure, coronary artery disease, and, in 2022, suffered an embolic stroke. (*Id.*) Mr. Lewis has been diagnosed with chronic myeloid leukemia, type 2 diabetes, and hypothyroidism. (*Id.*) Finally, Mr. Lewis is experiencing repeated

drops in oxygen saturation, recurrent bone infections, and has had toes amputated on both feet; as a result of this and other mobility issues, and Mr. Lewis ambulates with a walker due to gate imbalance and dizziness. (*Id.*)

In the Court's view, the above health assessment satisfies the serious medical conditions contemplated by U.S.S.G. § 1B1.13(b)(1)(B). However, even where extraordinary and compelling reasons are shown, a sentence may not be reduced unless the reduction is warranted under the 18 U.S.C. § 3553(a) factors.

### III.    Section 3553(a) Factors

The Court must address the federal sentencing objectives set forth in § 3553(a), which include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care. *See* 18 U.S.C. §§ 3553(a)(1), (2). Courts may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants. *See id.* §§ 3553(a)(4), (6).

Here, Mr. Lewis's Presentence Investigation Report ("PSR") calculated an advisory Guidelines range of 168 to 210 months; given the facts and circumstances

5

of the offense conduct, the Court imposed a sentence at the high end of the Guidelines of 210 months. (Docs. 50; 51 at 13.) The offense conduct in this case is serious and is set forth in detail in the PSR. On January 11, 2014, Mr. Lewis and Armon Boyd were drinking together at Mr. Lewis's residence. At some point, the two began arguing and Mr. Boyd left. Several hours later, at approximately 4 a.m., Mr. Boyd returned to the residence, and the two men got into a physical altercation. As the fight progressed, Mr. Lewis murdered Mr. Boyd by stabbing him 19 times in the chest and back. Mr. Boyd was 21 years old.

Mr. Lewis did not summon help despite later admitting he heard wheezing noises coming from Mr. Boyd. Instead, Mr. Lewis contacted an unidentified friend; Mr. Lewis and the unidentified individual then attempted to dismember Mr. Boyd's body by cutting his arm at the shoulder. Mr. Boyd was eventually reported missing, and law enforcement questioned Mr. Lewis. Although Mr. Lewis initially denied knowing where Mr. Boyd was, he eventually allowed the officers to search his residence where they located Mr. Boyd's body. As indicated above, Mr. Lewis was thereafter indicted and pled guilty to second degree murder.

The seriousness and extreme callousness of the offense conduct, in addition to the need to promote Mr. Lewis's respect for the law, do not support early release. Mr. Lewis stabbed Mr. Boyd 19 times and, instead of immediately calling for help and despite hearing Mr. Boyd wheeze, Mr. Lewis called an unidentified

friend and attempted to dismember his body. These facts demonstrate Mr. Lewis's lack of respect for the law and expose a concerning level of criminal thinking. Of further concern is Mr. Lewis's significant criminal history, untreated substance abuse issues, and the fact that he was diagnosed with antisocial personality disorder and frequent alcohol abuse which, according to the evaluating doctor, typically caries a poor prognosis for future behavior. (*See* Doc. 51 ¶¶ 35–48, 57.)

The Court must also consider how early release will affect public safety. *See* U.S.S.G. § 1B1.13(a)(2) (the court must conclude "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"). As the Government observes, Mr. Lewis was suffering from many of the same physical ailments when he committed the underlying crime in 2014. Specifically, as stated in the PSR, Mr. Lewis was suffering from "diabetes, as well as heart and thyroid issues" at the time of sentencing. (Doc. 51 ¶ 54.) This Court has a duty to protect the public, and believes that despite Mr. Lewis's documented illnesses, he remains a significant danger to the community. Completion of the sentence imposed will best serve the aims of sentencing under § 3553(a), especially the need to promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public.

### CONCLUSION

Therefore, although Mr. Lewis has demonstrated extraordinary and

compelling reasons, the § 3553(a) factors do not support early release.

Accordingly, IT IS ORDERED that the defendant's motion to reduce sentence (Docs. 94) is DENIED.

DATED this 15th day of April, 2026.

Dana L. Christensen, District Judge
United States District Court